MANDANA MASSOUMI (SBN 191359)
massoumi.mandana@dorsey.com
BRYAN M. MCGARRY(SBN 258156)
mcgarry.bryan@dorsey.com
DORSEY & WHITNEY LLP
38 Technology Drive, Suite 100
Irvine, CA 92618-5310
Telephone: (949) 932-3600
Facsimile: (949) 932-3601

Attorneys for Defendant
EL POLLO LOCO, INC.

NOTE CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

NIDAL OUDEH,

Plaintiff,

v.

EL POLLO LOCO, INC., a Delaware corporation; and DOES 1 through 50, inclusive,

Defendants.

CASE NO. 2:10-CV-09893-JHN-SSx

STIPULATED ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS

Date Action Filed: November 4, 2010
Trial Date: NONE SET

NOTE CHANGES MADE BY THE COURT

**All future discovery filings shall include the following language on the cover page: "[Referred to Magistrate Judge Suzanne H. Segal]"**

The dispute in this action involves allegations relating to national origin and age discrimination and prevention policies of the defendant, which include highly confidential and private information. During the course of this litigation, highly confidential information will need to be shared through discovery or otherwise between the parties and the Court. So that all parties can continue to protect their proprietary and private information involving descriptions of business methods, allegations of harassment, investigative files, appropriate remedial action and personal information as to Plaintiffs and possibly others, the parties propose this stipulation and order governing the designation and handling of confidential materials ("Confidentiality Order").

This Confidentiality Order governs the covenant of the parties and plaintiff Nidal Oudeh ("Plaintiff") on the one hand, and defendant El Pollo Loco, Inc. ("Defendant") on the other hand, by and through their respective counsel, hereby stipulate and agree that any documents, information, testimony or transcripts ("Material") deemed by any Party or by any person or entity that is not a party to this action ("Third-Party") to be confidential, proprietary, trade secret (as defined by California Code of Civil Procedure section 3426.1, and incorporated by reference as if set forth in full herein into each use of the term "trade secret") and/or subject to a right of privacy ("Confidential Information"), shall be designated and protected according to the following terms and conditions:

## A. DESIGNATING PROTECTED MATERIAL

Any Party or Third-Party may determine in good faith whether any Material should be designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" ("Designating Party"). However, such good faith belief must be based on the fact that such information has not been made public and the Designating Party must have a good faith belief that if such information is disclosed it will have the effect of causing harm to a Party's competitive position or otherwise impinge upon a right to privacy ~~or similarly protectible ground~~. SHS

Parties and Third-Parties shall also have the right to designate as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," Material produced, served or provided by other Parties or Third-Parties, in which case the Designating Party shall notify the other Parties and/or Third-Parties of the Material that should be treated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to this Confidentiality Order. Any Material, or any part thereof, designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be used only for the preparation and trial of this action, including discovery, pre-trial proceedings, trial, appellate proceedings and petitions for reconsideration and/or review, and shall not be used for any business, commercial or other purpose. Except as otherwise provided in this Confidentiality Order, or as otherwise stipulated or ordered, any Material that a Party or Third-Party deems "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" must be clearly so designated. Designation in conformity with this Confidentiality Order requires the following:

1. For Material in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party producing the documents shall affix the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" at the top or bottom or by watermarking of each page of a document that contains Confidential Information. The Designating Party that makes original documents available for inspection need not designate them for protection under this Confidentiality Order until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the documents made available for inspection shall be deemed "CONFIDENTIAL-ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Designating Party must determine which documents qualify for protection under this Confidentiality Order; then, before producing the specified

documents, the producing Party must affix the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" to each page of the documents that contain Confidential Information. If, after production, a Party or Third-Party designates as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" documents not previously designated, then any Party in possession of such documents shall designate the documents as such in accordance with this Confidentiality Order.

2. For testimony given in deposition or in other pretrial or trial proceedings, the Designating Party shall identify either (a) on the record before the close of the deposition, hearing or other proceeding, or (b) within 20 days after receiving the transcript of such deposition, hearing or other proceeding, all portions of the testimony that it wants to designate as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." Only those portions of the testimony that are designated for protection during the deposition or other pretrial or trial proceedings, or within the 20 days after receipt of the transcript of such testimony, shall be covered by the provisions of this Confidentiality Order. The court reporter shall affix to the top or bottom of each page of a transcript containing Confidential Information the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," as instructed by a Designating Party's instructions.

3. For any Material produced in other than documentary form and for any other tangible items, the Designating Party producing such Material or tangible item shall affix in a prominent place on the exterior of the container or containers in which the material or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portions. If, after production, a Party or Third-Party designates as "CONFIDENTIAL" or "CONFIDENTIAL-

ATTORNEYS' EYES ONLY" any non-documentary Material or tangible item not previously designated, then any Party in possession of such Material or tangible item shall designate it as such in accordance with this Confidentiality Order.

**B. ACCESS TO AND USE OF CONFIDENTIAL INFORMATION**

1. Subject to paragraph 3 below, all Material designated as "CONFIDENTIAL" may be disclosed only to:

a. Counsel for a Party and in-house counsel for Defendant responsible for overseeing this action, as well as their employees and other persons or entities retained by such counsel to provide litigation-related services;

b. Experts, consultants and other independent contractors retained or employed to consult with, advise or assist counsel for a Party in the preparation or trial of this case, as well as their employees;

c. The Parties to this action and their current directors, officers and employees;

d. Witnesses who are being prepared by counsel to give testimony at a deposition or at trial, or who are being examined by counsel at a deposition or at trial; and

e. Personnel employed by the United States District Court for the Central District of California or any appellate court, including, the Ninth Circuit Court of Appeals, appellate court justices, court reporters, clerks and administrative support personnel.

2. A Designating Party may designate as "CONFIDENTIAL-ATTORNEYS EYES ONLY" any Material that contains private, confidential, proprietary and/or trade secret information that is so sensitive that such Material should not be disclosed to the directors, officers or non-attorney employees of other Parties. Material designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" may be disclosed only to those persons and entities identified in paragraph B(1) (a), (b) and (e) above.

3. Parties shall take appropriate measures to ensure that all persons permitted access to Material designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" under paragraph B(1) (b), (c) or (d) of this Confidentiality Order have agreed, prior to reviewing any such Confidential Information, to be bound by the terms and conditions hereof with respect to the restricted disclosure and use of such Confidential Information. Prior to receiving any Confidential Information, those persons shall sign a copy of the statement attached hereto as Exhibit A, agreeing to be bound by the terms of this Confidentiality Order and submitting to the jurisdiction of the United States District Court for the Central District of California to enforce this Confidentiality Order. The Party who obtains any such signed statements shall retain possession of the statements and shall provide a copy of the statements at the written request of another Party. However, under no circumstances shall any Party be required to disclose the identity or existence of any expert, consultant or witness until otherwise required to do so by law or order of the United State District Court for the Central District of California.

**C. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

If, at any time during the pendency of this action, counsel for any Party wishes to challenge a Designating Party's designation of Material as containing Confidential Information, and to exclude such Material from the provisions of this Confidentiality Order, the Party may proceed by LOCAL RULE 37. SS ~~by petition before the United States District Court for the Central District of California. The Parties shall first meet and confer in a good faith effort to resolve informally any disputes concerning this Confidentiality Order before bringing any such petition before the United States District Court for the Central District of California.~~

The Designating Party bears the burden of establishing the appropriateness of a confidentiality designation. *See Foltz v. State Farm Mutual Automobile Insurance Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

**D. INADVERTENT OR UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION**

Inadvertent production without prior designation of any Confidential or privileged Information shall be without prejudice to a Designating Party's right to later file a petition seeking to have the Confidential or privileged Information designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," or to any other Party's right to argue that production of such Confidential Information constitutes a waiver under applicable law of the right to designate any Confidential Information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," or that such material must be returned as privileged.

**E. MAINTENANCE AND FILING OF CONFIDENTIAL INFORMATION**

1. All Material designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," shall be kept in secure facilities. A "secure facility" is a place where access is restricted to only to those designated persons set forth in paragraphs B(1)(a) and (b) of this Confidentiality Order. Such requirement is not applicable to the Court.

2. The Parties recognize the Court is a public institution where the sealing of Court records is the exception rather than the rule. As such, the Parties agree that when utilizing Confidential Information in a proceeding before the Court or in submission of any documents to the Court with a pleading or in evidence, that each Party shall make every effort to minimize the number of documents such Party requests to be sealed, and attempt only to seal the portion of the document or pleading that includes Confidential Information.

3. When any information, including, but not limited to, documents, interrogatory responses and depositions designated as containing Confidential Information is submitted to the Court with a pleading or as evidence, the filing

Party shall file a redacted version for public review that masks the Confidential Information, and file an application to file an unredacted version of the document under seal in the manner required by Local Rule 79-5. Similarly, if a document containing Confidential Information is to be used as an exhibit to a supporting declaration, the filing Party shall file a redacted version of the declaration for public review that omits but identifies the exhibit containing the Confidential Information as an exhibit and file an application to file the exhibit under seal in the manner required by Local Rule 79-5. If the sole ground for filing a document under seal is that the opposing or non-party has designated the document as CONFIDENTIAL, that opposing or non-party shall file a declaration establishing good cause for the sealing along with a proposed order, or shall withdraw the designation. Any declaration must be filed within five days of service on the opposing party of the request for a sealing order. This procedure shall apply to all documents containing Confidential Information submitted to the Court.

4. Nothing in this Confidentiality Order requires the Court to automatically grant a request to file documents labeled "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" under seal.

**F. CONFIDENTIAL INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

1. The terms of this Confidentiality Order shall apply to all manner and means of discovery, including subpoenas duces tecum.

2. In the event that a Party is served with a subpoena that seeks to compel the production of Material designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," the Party upon whom the subpoena is served shall give written notice of the subpoena to the Designating Party at least seven (7) calendar days before the production date (or, if the subpoena provides less than seven (7) days notice, within one (1) business day after service of the subpoena). The Designating Party may then file a petition or

motion to quash the subpoena and/or obtain such other relief as will protect the confidential nature of the documents. If the Designating Party files such a petition before the production date specified in the subpoena, the Party upon whom the subpoena is served shall not produce the requested documents until after the United States District Court for the Central District of California or appropriate court has ruled on the petition or motion.

**G. FINAL DISPOSITION**

Within thirty (30) days after the final termination of this action, counsel for each Party shall destroy any and all Material designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" and shall destroy all copies, digests or summaries which have been made of, or prepared from, such Confidential Information, and shall provide counsel for the Party or Third-Party who produced such Material (upon request) with a declaration under penalty of perjury attesting to such return and/or destruction. For purposes of this Confidentiality Order, the term "final termination" shall refer to the time after any final order or award is entered in this action, with no timely petition for reconsideration or petition for review having been filed, or, if any such petition is filed, after a final decision is rendered by the United States District Court or any appellate court with no further petition or appeal pending or possible.

**H. MISCELLANEOUS**

1. Subject to the Provision of Paragraph F(2), above, nothing in this Confidentiality Order shall be construed to relieve any Party from the obligation to timely respond to a discovery request, nor shall this Confidentiality Order be construed as a waiver of the right to assert any objection to a discovery request.

2. This Confidentiality Order is intended to regulate the production and dissemination of Confidential Information during the entirety of this action, and thereafter shall remain in full force and effect, unless and until modified, superseded or terminated by written agreement of all Parties or by order of the

United States District Court. This Confidentiality Order shall become effective as among the Parties when executed by all Parties, with or without the District Court's entry of the order. The United States District Court for the Central District of California shall retain jurisdiction to enforce the provisions of this Confidentiality Order and to enter amendments, modifications and additions to this Confidentiality Order as the United States District Court for the Central District of California may from time to time deem appropriate upon noticed motion of a Party or upon the United States District Court for the Central District of California's own motion upon notice to the parties.

3. Counsel for both parties shall make every attempt to redact exhibits for use at trial as opposed to marking such exhibits "CONFIDENTIAL" so as to reduce the burden of sealing the Court during trial.

///

///

///

4. Nothing in this Confidentiality Order shall be construed as improperly limiting the rights of third parties involved in other actions to conduct discovery or to limit the subpoena power of another court unless a Court grants a properly noticed motion for protective order in such other proceedings.

SO STIPULATED:

DATED: January 31, 2011

DORSEY & WHITNEY LLP

By: /s/Bryan M. McGarry
Mandana Massoumi
Bryan M. McGarry
Attorneys for Defendant
EL POLLO LOCO, INC.

DATED: January 31, 2011

JAY S. ROTHMAN & ASSOCIATES

By: ______________________
Jay S. Rothman
Attorneys for Plaintiff
NIDAL OUDEH

4. Nothing in this Confidentiality Order shall be construed as improperly limiting the rights of third parties involved in other actions to conduct discovery or to limit the subpoena power of another court unless a Court grants a properly noticed motion for protective order in such other proceedings.

SO STIPULATED:

DATED: January 31, 2011

DORSEY & WHITNEY LLP

By: ______________________
Mandana Massoumi
Bryan M. McGarry
Attorneys for Defendant
EL POLLO LOCO, INC.

DATED: January 31, 2011

JAY S. ROTHMAN & ASSOCIATES

By: ______________________
Jay S. Rothman
Attorneys for Plaintiff
NIDAL OUDEH

**EXHIBIT "A"**

I, ______________________________, have received and reviewed a copy of the Confidentiality Order entered in the case entitled *Nidal Oudeh v. El Pollo Loco, Inc.*, Case No. 2:10-CV-09893-JHN-SS pending in the United States District Court for the Central District of California ("USDCCD") and am familiar with its terms. I agree to comply with the terms and conditions of the Confidentiality Order unless and until I am notified that it has been modified or vacated by the Court, at which time I will comply with such further order. I further consent and submit to the jurisdiction of the USDCCD for the purpose of enforcing the Confidentiality Order, if necessary.

DATED: ______________________________

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Irvine, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 38 Technology Drive, Suite 100, Irvine, California 92618-2301.

On February 1, 2011, I served the document named below on the following party as follows:

DOCUMENT(S) SERVED: STIPULATED ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS

SERVED UPON: Jay S. Rothman
Jay S. Rothman & Associates
21900 Burbank Blvd., Suite 210
Woodland Hills, CA 91367
*Attorneys for Plaintiff Nidal Oudeh*

☒ (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California. I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☐ (BY FEDERAL EXPRESS) I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on February 1, 2011, at Irvine, California.

Michelle Maroney



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NIDAL OUDEH,<br>Plaintiff,<br>v.<br>EL POLLO LOCO, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br>Defendants. | CASE NO. 2:10-CV-09893-JHN-SS<br>**~~[PROPOSED]~~ ORDER THEREON RE STIPULATED ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS**<br>Date Action Filed: November 4, 2010<br>Trial Date: NONE SET |

**ORDER**

WHEREAS, Plaintiff Nidal Oudeh and Defendant El Pollo Loco, Inc. have entered into a Stipulated Order Governing the Designation and Handling of Confidential Materials in the above-referenced matter attached hereto as Exhibit A;

IT IS HEREBY ORDERED THAT:

The Stipulated Order Governing the Designation and Handling of Confidential Materials attached hereto as Exhibit A is approved and so ordered.

IT IS SO ORDERED.

DATED: ____________

By ____________
Honorable Judge of the United States District Court for the Central District of California

For good cause shown, based upon privacy and competitive business concerns. SHS

IT IS SO ORDERED.
DATED: 2/3/11
[signature]
UNITED STATES MAGISTRATE JUDGE

All future discovery filings shall include the following language on the cover pages "[Referred to Magistrate Judge Suzanne H. Segal]"